# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
HOWARD KEITH JACKSON
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 10-30277

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 45 years old, single, and the father of six children. He maintains contact with four of is six children. Throughout his entire life he has lived with his father in his father's home. Defendant's only claimed employment is with Industry One starting on March 1, 2010. He has no previous employment history. His only asset is his car. He provides his father with $300 a month to cover rent and household expenses. He claims no other financial obligations.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 8, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is charged by Complaint with Felon in Possession of a Firearm containing six live rounds. He faces a 15 year mandatory minimum with sentencing enhancements being applied.

Defendant is a life long cocaine and marijuana abuser.

Defendant's criminal history includes six active warrants for failures to appear. He appears to owe approximately $35,000 in child support.

Additionally, his criminal history shows a long pattern of criminal acts committed while on supervised release following convictions for violent crimes. By way of example, Defendant was found guilty of Felony Armed Robbery and Stolen Vehicle on 9/8/85 and was sentenced to 5 - 15 years custody. He was paroled on 2.25.93. On 11/01/94 Defendant pled guilty to Misdemeanor Larceny. On 5/10/03 Defendant plead guilty to Home Invasion, 2nd Degree and was sentenced to one year custody with two years probation. He was discharged from probation Without Improvement on 9/1/06.

On 9/7/03 Defendant was charged with Felony Homicide 1st degree, Premeditated, Felony Firearm, and Felony Firearm Possession by a Felon and was found Not Guilty.

On July 21, 2006 Defendant plead guilty to Felony Controlled Substance and was sentenced to 3 years Probation which term concluded Without Improvement.

On March 7, 2007, while on Probation, Defendant was charged with Felony Controlled Substance and was later found guilty and sentenced to one year in jail and 3 years probation. Again his term of probation was closed on 5/9/08 Without Improvement.

On 2/28/08, while still on Probation, Defendant was again charged with Felony Controlled Substance and was sentenced to three years probation starting on 6/2/08. A violation hearing is currently scheduled for 7/13/10.

On June 22, 2010, while on probation for the above described offense, Defendant was charged in the instant case with Felon in Possession of a Firearm and Felony CCW.

Defendant seems to be undeterred by his terms of incarceration, probation supervision, or orders of the court to appear. He has repeatedly engaged in acts of criminal behavior while under supervision of the court, and has violated his probation repeatedly. He continues to be a danger to the community and his history of six active outstanding warrants for failure to appear render him a risk of flight in the instant case.

There is no condition or combination of conditions that would reasonably assure the safety of the community or the appearance of this defendant in court. He presents a risk of flight and a danger to the community. Therefore Detention is Ordered.